[No. 6,764.—Department One.]

## AUGUST FRIXEN v. CRISANTO CASTRO ET AL.

SPECIFIC PERFORMANCE—PAROL CONTRACT TO CONVEY LAND—PART PER-
FORMANCE—VENDOR AND VENDEE—COMPLAINT.—In an action by a
vendee for the specific performance of a contract to convey land, the court
found a parol contract and gave judgment for the plaintiff.

*Held,* That the complaint was insufficient in not alleging a readiness and will-
ingness on the part of the plaintiff to pay the balance of the purchase
price, and that it was also defective in the averments respecting part
performance.

APPEAL from a judgment for the plaintiff in the Twentieth
District Court, County of Santa Clara. BELDEN, J.

The complaint as amended contained two counts, the first
of which alleged that the defendants "promised and agreed
to sell and convey to the plaintiff, etc.;" and the second, that
the defendants "promised and agreed in writing to sell and con-
vey to the plaintiff." The first count also alleged that "plaint-
iff took possession of said premises immediately after said
agreement was made, and has ever since retained the exclu-
sive possession thereof." In other respects, both counts were
similar, and alleged in effect that the purchase price was one
hundred dollars, and that the plaintiff paid on the con-
tract eighty-nine dollars, and tendered to the defendant the
balance; and that defendants refused to convey, etc., but
there was no offer to pay the balance of the purchase money,
or any allegation that the plaintiff was ready and willing to
do so.

The Court found that the contract was by parol, and in
other respects found the allegations of the complaint to be
true.

*Houghton & Reynolds,* for Appellant.

*D. M. Delmas,* for Respondent.

The COURT:

It is essential that the plaintiff's pleadings show a readiness
and willingness on his part to pay the balance of the purchase

price for the land which he seeks to compel the defendant to convey to him. (Fry on Spec. Per., § 608; Waterman on Spec. Per., § 96.) In the complaint in this case as amended, there is no such showing.

The complaint is also defective, to say the least, in the averments respecting part performance.

Judgment reversed and cause remanded with directions to snstain the demurrer to the complaint as amended, with leave to the plaintiff to amend in such particulars as he may be advised.